IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REGINALD BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO. |
| ) | _____ |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant, ) | |
| _____) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Reginald Banks, by and through undersigned counsel, and brings this Complaint against the above-named Defendant, and shows this Court as follows:

## PARTIES

1.

Plaintiff is a resident of the city of Morrow in Clayton County, Georgia and he resides within the Northern District of Georgia, Atlanta Division.

2.

Defendant may be served with this Complaint and summons through the acting United States Attorney for the Northern District of Georgia, the Honorable Kurt R. Erskine via Office of General Counsel, Richard B. Russell Federal Building,

75 Ted Turner Dr. SW, Suite 600, Atlanta, GA 30303-3309, by registered or certified mail pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

4.

The Attorney General of the United States may be served with this Complaint and summons through the Attorney General of the United States, Department of Justice, Room 5111, 10th & Constitution Avenue, NW, Washington, D.C. 20530, by registered or certified mail pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

## **JURISDICTION AND VENUE**

5.

Plaintiff realleges paragraphs 1 through 4 above as if they were set forth herein, verbatim.

6.

This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C.A. § 2671, et seq., to redress the deprivation of Plaintiff's rights secured by Federal Statute.

7.

As such, this Court has jurisdiction pursuant to 28 U.S.C.A. § 1346.

8.

Laws of the State of Georgia, where the acts or omissions occurred, determine Defendant's liability pursuant to 28 U.S.C. § 1346(b).

9.

Plaintiff provided the timely notice required by 28 U.S.C. § 2401(b) by mailing (on May 13, 2020) a Standard Form 95 to the Office of General Counsel, Department of Homeland Security, MS 0485, 2707 Martin Luther King Jr Ave. SE, Washington, DC 20528-0485. (See Exhibit 1).

10.

Plaintiff demanded a sum certain amount in this Standard Form 95 of $588,053.50, as required by 28 C.F.R. § 14.2(a). (See Exhibit 1.)

11.

More than six months have expired since the filing of the proper administrative claim, but fewer than six months since the Department of Homeland Security effectively denied the claim by making a counter-offer on or about September 2, 2021, which is a denial of Plaintiff's claim pursuant to 28 U.S.C. § 2675(a). (See Exhibit 2).

12.

Venue is proper in the Northern District of Georgia, Atlanta Division,

pursuant to 28 U.S.C.A. § 1391, because Plaintiff lives within the respective geographic area and also because the wrongful acts or omissions occurred within the respective geographic area.

## FACTUAL AND LEGAL ALLEGATIONS

13.

Plaintiff realleges paragraphs 1 through 12 above as if they were set forth herein, verbatim.

14.

On November 20, 2019, Plaintiff was travelling north in his personal vehicle on I-675 South at Mile Marker 1 in Henry County, Georgia.

15.

At the same time and place, Sean Powell Edwards, as an agent and employee of the United States Department of Homeland Security and while in the course and scope of his agency and employment, was operating a government owned vehicle northbound behind Plaintiff's vehicle on I-675 South at Mile Marker 1 in Henry County, Georgia.

16.

At the same time and place, traffic slowed and Sean Powell Edwards carelessly and negligently struck the rear end of Plaintiff's vehicle.

17.

Sean Powell Edwards, while in the course and scope of his agency and employment with the United States Department of Homeland Security, was negligent by failing to maintain a proper lookout, failing to maintain a proper following distance behind Plaintiff's vehicle, and failing to operate his vehicle in a safe and lawful manner.

18.

Sean Powell Edwards' negligence is imputed to Defendant United States of America.

19.

As a direct and proximate result of Sean Powell Edwards' negligence, Plaintiff received personal injuries, required medical treatment, and incurred other damages.

20.

Because of Sean Powell Edwards' negligence, Plaintiff is entitled to recover his medical expenses, damages for physical and mental pain and suffering, and other damages and expenses to be proven at trial in a sum not to exceed $588,053.50.

WHEREFORE, Plaintiff prays for the following:

(a) That service of process issue upon Defendant as provided by law;

(b) That Plaintiff be awarded a total judgment from Defendant for his

damages in a sum not to exceed $588,053.50; and

    (d)    That Plaintiff have such other and further relief as this Honorable Court deems just and proper under the circumstances.

        Respectfully submitted,

        /s/ *Campbell Williamson*
        Jason T. Schneider
        Georgia Bar No. 629549
        Campbell Williamson
        Georgia Bar No. 841365
        Attorneys for Plaintiff

SCHNEIDER HAMMERS LLC
5555 Glenridge Connector
Suite 975
Atlanta, Georgia 30342
(770) 394-0047